**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**ALISON MILNE, OSB # 155212**
Assistant United States Attorney
United States Attorney's Office for the District of Oregon
alison.milne@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1033
       Attorneys for Defendant United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **ASTORIA DOWNTOWN MARKET, et al.,**<br><br>Plaintiffs**,**<br><br>v.<br><br>**UNTIED STATES OF AMERICA,**<br><br>Defendant**.** | Case No. 3:18-cv-01367-AC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

INTRODUCTION

Pursuant to Fed. R. Civ. P. 8(b), Defendant United States of America hereby files this Answer to respond to the Complaint (Dkt. #1) that Plaintiffs filed to commence the above-captioned action.  Each of the numbered paragraphs in this Answer correspond to, and respond to the allegations in, the paragraph of the same number as denominated in the Complaint.

//

//

Page 1    Defendant's Answer to Complaint

FACTUAL BACKGROUND

1.     Defendant admits Paragraph 1, to the limited extent that Plaintiffs own and operate a retail store in Astoria, Oregon, named Astoria Downtown Market.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 2, and, therefore denies the same.

2.     Defendant admits Paragraph 2, to the limited extent that the Supplemental Nutrition Assistance Program ("SNAP") is the new name for the Food Stamp Program and that SNAP is overseen by the U.S. Department of Agriculture's Food and Nutrition service ("FNS").   The remaining allegations in Paragraph 2 purport to characterize and/or describe a U.S. Department of Agriculture publication which speaks for itself and is the best evidence of its content, although Defendant would admit such allegations to the extent they may be consistent with the cited publication.

3.     Defendant admits Paragraph 3, to the limited extent that Plaintiff Samuel McDaniel submitted an application for Astoria Downtown Market to participate in SNAP.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 3, and, therefore denies the same.

4.     Defendant admits that the U.S. Department of Agriculture, through FNS, sent Plaintiff Astoria Downtown Market a letter dated March 5, 2018, which stated that its application to participate in SNAP as an authorized retailer was permanently denied.

5.     Defendant admits that in support of its position, the U.S. Department of Agriculture cited to 7 C.F.R. § 278.1(k)(3), noting that federal regulations "require FNS to deny the authorization of any firm it determines lacks the necessary business integrity and reputation, as specified at 7 C.F.R. § 278.1(b)(3), to further the purposes of SNAP, and also stated that firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers,

or managers, shall be denied permanently.   Defendant admits that based upon information in the record, FNS determined that Samuel McDaniel, owner of Astoria Downtown Market, lacked the necessary business integrity to further the purposes of SNAP and permanently denied Astoria Downtown Market's application to participate in SNAP.

6.      Defendant admits that in support of the decisions to permanently deny the Plaintiffs' authorization, the Department cited that, "[t]he charges of Unlawful Delivery of Marijuana and Unlawful Delivery of Psilocin fall under 7 CFR 278.1(b)(3)(i)(A) and 7 CFR 278.1(k)(3)(I) [sic].   The delivery of two Schedule A controlled substances, marijuana and psychedelic mushrooms was deemed, was deemed [sic] a business integrity risk."

7.      Defendant admits Paragraph 7, to the limited extent that Plaintiffs filed a timely Request for Administrative Review as permitted by 7 C.F.R. § 279.   The remaining allegations in Paragraph 7 purport to characterize and/or describe Plaintiffs' appeal, which require no response.

8.      Defendant admits Paragraph 8, to the limited extent that the U.S. Department of Agriculture provided its response to Plaintiffs' appeal in the Final Agency Decision which was provided to Plaintiffs' attorney with a cover letter dated June 20, 2018.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 8, and therefore, denies the same.

9.      Defendant denies Paragraph 9.

## JURISDICTION AND VENUE

10.     Defendant admits Paragraph 10, to the limited extent that the Supplemental Nutrition Assistance Program was codified by Congress in 7 U.S.C. §§2011-2036(c) (2012).   The remainder of Paragraph 10 is Plaintiffs' characterization as to the basis of their Complaint, which requires no response.

//

11. The allegations in Paragraph 11 are legal conclusions that require no response. To the extent a response is required, Defendant admits that jurisdiction, if it exists, does so only pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7.

12. Paragraph 12 contains a statement of venue to which no responsive pleading is required. To the extent an answer is required, Defendant admits Paragraph 12, and clarifies that venue is appropriate in this District pursuant to 7 U.S.C. § 2023(a)(13).

PARTIES

13. Defendant admits the allegations in the first sentence of Paragraph 13. The second sentence of Paragraph 13 requires no responsive pleading.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 14, and therefore, denies the same. The second sentence of Paragraph 14 requires no responsive pleading.

15. The first portion of Paragraph 15 is an incomplete statement to which no responsive pleading is required. However, Defendant admits Paragraph 15, to the limited extent that the United States of America is the named Defendant in this case and that the U.S. Department of Agriculture is an agency of the United States and that the Food and Nutrition Service is part of the U.S. Department of Agriculture. The second sentence of Paragraph 15 requires no responsive pleading.

16. Defendant admits Paragraph 16.

17. Defendant admits Paragraph 17, to the limited extent that SNAP's purpose is to provide nutrition assistance to participants who meet certain financial need requirements and SNAP benefits are issued on a state-by-state basis to participants monthly through their Electronic Benefits Transfer cards. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of Paragraph 17.

18.     Defendant admits Paragraph 18, to the limited extent that SNAP benefits are to be used only for the purchase of food and other eligible items from authorized SNAP retailers.   Defendant denies the remainder of Paragraph 18 which characterizes Plaintiff Astoria Downtown Market as an authorized SNAP retailer.

19.     Defendant admits that Congress has given the U.S. Department of Agriculture the authority to authorize and/or deny retailers the ability to participate in SNAP.

20.     Defendant admits Paragraph 20, to the limited extent that the U.S. Department of Agriculture based its decision to deny the application based upon the business integrity of the firm. Defendant clarifies that Astoria Downtown Market and Samuel McDaniel are plaintiffs rather than appellants.

21.     Defendant admits Paragraph 21.

22.     Defendant admits Paragraph 22.

23.     Defendant admits Paragraph 23.

24.     Defendant denies Paragraph 24.

25.     Defendant admits Paragraph 25, to the limited extent that the Plaintiffs have been permanently denied their authorization to participate as a SNAP authorized retailer.   Defendant denies the remaining allegations.

## PLAINTIFFS' ALLEGATIONS

26.     Defendant admits the first sentence of Paragraph 26, but clarifies that the administrative record will be filed within sixty days of the filing of this Answer.   Defendant denies the second sentence of Paragraph 26 and footnote 2.

27.     Defendant admits Paragraph 27, to the limited extent that an Administrative Law Judge or department attorney did not make the Final Agency Decision.   Defendant denies the remainder of Paragraph 27.

28. Defendant denies Paragraph 28.

29. The allegations in the first and third sentences of Paragraph 29 purport to characterize and/or describe guidance on an FNS rule found in the Federal Register which speaks for itself and is the best evidence of its content, although Defendant would admit such allegations to the extent they may be consistent with the cited Federal Register. Defendant admits the second sentence of Paragraph 29.

30. Defendant denies the first two lines of Paragraph 30 which purport to characterize and/or describe an unidentified FNS guidance for which Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The remaining allegations in Paragraph 30 purport to characterize and/or describe Warren v. United States, No. 14-154-GFVT, 2015 WL 5321765, at *8 (E.D. Ky. Sept. 11, 2015) which speaks for itself and is the best evidence of its content, although Defendant would admit such allegations to the extent they may be consistent with the cited case.

31. Paragraph 31 purports to characterize and/or describe an unidentified FNS guidance to which no response is required. To the extent that a response is deemed to be required, Defendant denies the first three sentences of Paragraph 31. To the extent that the remaining allegations in Paragraph 31 purport to characterize and/or describe 7 U.S.C. §2023(a)(13) and 7 C.F.R. § 297.7 which speak for themselves and are the best evidence of their content, Defendant would admit such allegations to the extent they may be consistent with cited regulations.

32. Defendant denies Paragraph 32.

COUNT I: REQUEST FOR JUDICIAL REVIEW

33. Defendant incorporates and restates by reference its responses to all preceding paragraphs.

34. Paragraph 33 purports to characterize and/or describe 7 U.S.C. § 2023 and 7 C.F.R. § 279.7 which speak for themselves and are the best evidence of their content, although Defendant would

admit such allegations to the extent they may be consistent with the cited regulations. Defendant admits Plaintiffs have requested judicial review of the findings by the Defendant.

35.   Paragraph 35 is a statement of Plaintiffs' position, which requires no response; to the extent any response may be required, Defendant denies the allegations.

36.   Defendant denies Paragraph 36.

37.   Defendant denies Paragraph 37.

38.   Defendant denies Paragraph 38.

39.   Defendant denies Paragraph 39.

40.   Defendant denies Paragraph 40.

## GENERAL DENIAL

The remainder of the Complaint constitutes a prayer for relief to which no response is required. To the extent that a response is deemed to be required, the United States denies that Plaintiffs are entitled to any relief whatsoever. Any allegation to which no direct response has been made is hereby denied.

## AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Plaintiffs' allegations provide no basis for questioning the validity of the U.S. Department of Agriculture's actions. Interpreting the unambiguous language of 7 C.F.R. § 278.1(b)(3)(i)(A) and 7 C.F.R. § 278.1(k)(3)(i), the U.S. Department of Agriculture's FNS properly determined that Plaintiff Samuel McDaniel's convictions for Unlawful Delivery of psilocin and Unlawful Delivery of Marijuana-convictions that he does not dispute-qualified as a business integrity risk. Accordingly, the U.S. Department of Agriculture's decision to deny Plaintiffs participation in SNAP was neither arbitrary nor capricious.

//

In addition, Defendant hereby expressly reserves the right to plead all other affirmative defenses, jurisdictional or justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that it may determine apply to this case as litigation of such claims proceeds.

**WHEREFORE**, having answered Plaintiffs' Complaint, Defendant respectfully requests that this Court:

    A.    Dismiss Plaintiffs' Complaint with prejudice;

    B.    Enter judgment against Plaintiffs and for Defendant;

    C.    Award Defendant its costs in this action, and

    D.    Provide Defendant such other relief as this Court deems just and equitable.

Respectfully submitted this 4th day of December 2018.

    BILLY J. WILLIAMS
    United States Attorney
    District of Oregon

    */s/ Alison Milne*
    ALISON MILNE
    Assistant United States Attorney