**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**ALISON MILNE, OSB # 155212**
Assistant United States Attorney
alison.milne @usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1033
Facsimile: (503) 727-1117
      Attorneys for Defendant United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **ASTORIA DOWNTOWN MARKET, et al.,** | Case No. 3:18-cv-01367-AC |
| Plaintiffs**,** | **DEFENDANT'S CROSS-MOTION AND MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** |
| **v.** | |
| **UNTIED STATES OF AMERICA,** | |
| Defendant**.** | |

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

Counsel have conferred by phone and have been unable to resolve this dispute, despite good faith efforts to do so. Plaintiffs' Counsel has no objection to Defendant filing this motion as both parties agree that this matter should be addressed by the Court through motions.

## MOTION

Defendant United States, by Billy J. Williams, United States Attorney for the District of Oregon and through Alison Milne, Assistant United States Attorney for the District of Oregon,

Page 1    Defendants' Cross-Motion and Memorandum in Support of Cross-Motion for Summary Judgment

moves for Summary Judgment on all claims alleged in the Complaint, pursuant to Fed. R. Civ. P. 56. The administrative record before the court, and the following Memorandum of Law and Declaration of Madeline Viens, support this motion.

## I. INTRODUCTION

The U.S. Department of Agriculture's Food and Nutrition Service ("FNS") administers the Supplemental Nutrition Assistance Program ("SNAP") which is the program formerly known as food stamps. Congress authorized SNAP to alleviate hunger and malnutrition among low-income households. 7 U.S.C. § 2011 (2018). Households receiving SNAP benefits may only use the benefits at retail food stores approved for participation in the program. 7 U.S.C. §§ 2013(a), 2018. To be approved for participation, firms must apply and submit an application that includes information about the applicant's food business, the volume of SNAP coupon business the applicant expects to conduct and information related to the applicant's business integrity and reputation. 7 C.F.R. § 278.1(b). FNS must evaluate the business integrity and reputation of the applicant and deny a firm authorization to participate in SNAP if there has been a "[c]onviction of or civil judgment against the owners, officers or managers of the firm for: (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction." *Id.* § 278.1(b)(3)(i)(A); s*ee also* 7 C.F.R. § 278.1(k)(3)(i) (providing that "[f]irms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in 7 C.F.R. § 278.1(b)(3)(i) shall be denied authorization permanently.")

Plaintiffs are a retail store in Astoria, Oregon, named Astoria Downtown Market, and its owner, Samuel McDaniel. FNS permanently denied Plaintiff Astoria Downtown Market authorization to participate as a Supplemental Nutrition Assistance Program ("SNAP") authorized retailer. Attachment A. Federal regulations require FNS deny authorization of any firm it

determines lacks the necessary business integrity and reputation to further the purposes of SNAP. *See* 7 C.F.R. 278.1(k)(3). FNS properly denied Plaintiffs' request for authorization to participate as a SNAP authorized retailer pursuant to its regulations. This case should be dismissed as a matter of law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff McDaniel submitted an application on behalf of his store Astoria Downtown Market seeking authorization to participate as a retailer in the SNAP. A.R.1- 3. His initial application was dated December 3, 2017. *Id.* A visit to the store was made by a reviewer who completed a form providing information about the store. A.R.8-12. FNS sent a letter to Plaintiff McDaniel dated December 19, 2017, informing him that FNS was unable to continue processing the application in part because court documentation was needed in relation to several criminal offenses for which Plaintiff McDaniel was convicted. A.R.42- 43. FNS also noted that "[t]he charges identified will not necessarily result in a refused application…" *Id.* In response, Plaintiff McDaniel submitted to FNS court documents related to his criminal convictions for offenses including Unlawful Possession of Psilocin, Unlawful Delivery of Psilocin, Unlawful Delivery of Marijuana, Furnishing to Minors, and Public Use of Inhalents. A.R. 44-64.

In a letter dated January 25, 2018, FNS once again notified Plaintiff McDaniel that it was unable to continue processing his application because the court documents submitted did not match completely with the number of violations cited. FNS requested Plaintiff McDaniel prepare a summary addressing all charges and that he resubmit the court documents related to the summary. A.R.65- 66. Plaintiff submitted the requested summary and revised application form which was received by FNS on February 26, 2018. A.R.67- 88. The agency's regulations require it to deny authorization of any firm if it determines it lacks the necessary business integrity and reputation to further the purposes of SNAP. *See* 7 C.F.R. § 278.1(k)(3). The agency notified Plaintiff of its

decision to permanently deny Astoria Downtown Market participation as an authorized retailer in the SNAP in a letter dated March 5, 2018. A.R.145-146. This denial notified Plaintiffs that FNS determined Plaintiff McDaniel lacked "the necessary business integrity to further the purposes of SNAP." A.R. 145. Specifically, FNS stated that "delivery of two Schedule A controlled substances, marijuana and psychedelic mushrooms was deemed…a business integrity risk." *Id.* The initial denial also notified Plaintiffs of the right to request a review of the decision. *Id.*

By letter dated March 15, 2018, Plaintiffs' counsel requested a review of the administrative decision and requested additional time to submit a written argument and additional information. A.R. 147. FNS granted Plaintiffs' counsel's request. A.R.152. Plaintiffs' counsel submitted a Brief in Support of Appellants' Request for Review of Permanent Denial to Participate as a SNAP Authorized Retailer on June 11th, 2018. In a letter dated June 20, 2018, FNS provided Plaintiffs' counsel with a copy of its Final Agency Decision ("FAD") in response to his request for administrative review. Attachment A; *See also* A.R.173- 177. The FAD sustained the decision to permanently deny the application of Plaintiffs to participate as a SNAP retailer. *Id.* The FAD issued is the final agency action for purposes of judicial review. 7 C.F.R. § 279.1(b).

On July 20, 2018, Plaintiffs filed this action. ECF 1. Plaintiffs ask that this Court reverse FNS's decision to permanently deny the application of Astoria Downtown Market as a SNAP retailer.

### III. UNDISPUTED FACTS

The facts are undisputed. Plaintiff McDaniel submitted an application to FNS for authorization as a retailer in SNAP on behalf of his retail store Astoria Downtown Market. A.R. 1-3. As part of the application process, FNS asked whether "any officer, owner, partner, member, and/or manager [was] convicted of any crime after June 1, 1999." A.R. 2. Plaintiff McDaniel responded affirmatively to that question and during the application process provided court

documentation for his criminal convictions occurring after June 1, 1999. After June 1, 1999, Plaintiff McDaniel was convicted of Unlawful Possession of Psilocin; Unlawful Delivery of Psilocin; Unlawful Delivery of Marijuana; Possession of Marijuana; Driving Under the Influence of Intoxicants; Possession of Inhalants and Criminal Mischief. A.R. 72-88. FNS determined that Plaintiff McDaniel's convictions for Unlawful Delivery of Marijuana and Unlawful Delivery of Psilocin qualified as commission of a criminal offense in connection with the performance of a private agreement or transaction, and permanently denied Astoria Downtown Market from participation as a SNAP retailer. A.R. 175-177; 7 C.F.R. § 278.1(b)(3)(i)(A). FNS informed Plaintiffs of its determination in a letter dated March 5, 2018, and in its FAD. A.R. 145-146; Attachment A. In support of its decision, FNS told Plaintiffs that Plaintiff McDaniel lacked "the necessary business integrity to further the purposes of SNAP." A.R. 145. Specifically, FNS stated that "delivery of two Schedule A controlled substances, marijuana and psychedelic mushrooms was deemed…a business integrity risk." *Id.*

## IV. APPLICABLE STATUTE AND REGULATION

A. 7 U.S.C. § 2018 provides that among factors that FNS should consider when deciding to approve or disapprove applicants' participation in SNAP is "the business integrity and reputation of the applicant." 7 U.S.C. § (a)(1)(B)(v).

B. 7 C.F.R. § 278.1(b)(3) states: "FNS shall deny the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows: (i) Conviction of or civil judgment against the owners, officers or managers of the firm for: (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction; (B) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records,

making false statements, receiving stolen property, making false claims, or obstruction of justice; or (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses."

C. 7 C.F.R. § 278.1(k) states that "FNS shall deny the application of any firm if it determines that: …(3) The firm has been found to lack the necessary business integrity and reputation to further the purposes of the program. Such firms shall be denied authorization in the program for the following period of time: (i) Firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in § 278.1(b)(3)(i) shall be denied authorization permanently..."

## V. STANDARD OF REVIEW

Summary judgment is appropriate if the "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable inferences that may be drawn from the facts placed before the court must be viewed in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011).

The Food Stamp Act provides that the standard for judicial review over an FNS decision to deny an application to participate in SNAP is de novo. 7 U.S.C. § 2023(a)(15). A court reviewing FNS's decision to permanently deny a retailer's application de novo is not limited to the administrative record, and the applicant has the burden to prove by a preponderance of the evidence that the agency's action was invalid. *See Kim v. United States*, 121 F.3d 1269, 1271-72 (9th Cir. 1997). If a court finds that FNS correctly interpreted its regulations, the court must determine if the

sanction here, permanent denial as a SNAP retailer, was arbitrary and capricious. *See Wong v. United States*, 859 F.2d 129, 132 (9th Cir. 1988).

## VI.     ARGUMENT

### A.     The FAD was not in error because the Agency's Interpretation of its Own Regulations was Reasonable and Entitled to Substantial Deference.

Plaintiff seeks judicial review of the agency's interpretation of its implementing regulation. ECF 1, Page 8. Unless an agency interpretation contradicts its regulation's plain language, the agency's interpretation of its own regulations is entitled to deference. *Native Ecosystems Council v. U.S. Forest Serv.*, 418 F.3d 953, 960 (9th Cir. 2005) *signaling to Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 129 L. Ed. 2d 405, 114 S. Ct. 2381 (1994). FNS's interpretation of 7 U.S.C. § 2018 is not plainly erroneous or inconsistent with the regulation, set forth at 7 C.F.R. § 278.1.

Here, Plaintiff McDaniel's criminal convictions were considered in the evaluation of the business integrity and reputation of the applicant. Plaintiff McDaniel's convictions for delivery of two Schedule A controlled substances, marijuana and psychedelic mushroom all occurred in Oregon where the meaning of "delivery" is clearly defined by statute. A.R. 72-88. Or. Rev. Stat. § 475.005(8) defines "delivery" as "the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance…" Plaintiff McDaniel's convictions have transactional elements and reflect on Plaintiff McDaniel's business integrity under the regulations. Attachment A. Thus Plaintiff McDaniel's convictions for transferring a controlled substance from one to another were criminal offenses associated with private transactions and warranted disapproval of his application under the regulation. 7 C.F.R. § 278.1(k)(3)(i). FNS's decision in this case was reasonable and appropriate. Furthermore, FNS's decision is consistent with the plain language and intent of the regulation and therefore entitled to deference. *INS v. Nat'l Ctr. for Immigrants' Rights, Inc.*, 502 U.S. 183, 189-190 (1991) ("[A]n agency's reasonable, consistently held interpretation of its own regulation is entitled to deference."). Unless

Page 7     Defendants' Cross-Motion and Memorandum in Support of Cross-Motion for Summary Judgment

the Court concludes this interpretation is "demonstrably irrational," Defendants are entitled to judgment as a matter of law. *See Olivares v. Immigration & Naturalization Serv.*, 685 F.2d 1174, 1177 (9th Cir. 1982).

The Final Rule adopting the regulation does not indicate that the agency intended to exclude offenses for criminal convictions for transactions involving drugs as grounds for denial of SNAP participation. 64 Fed. Reg. 23,165 (April 30, 1999). The Rule acknowledges that "[f]raudulent activity in the [Food Stamp Program ("FSP")] or other government programs, or in business-related activities in general, reflects on the ability of a firm to effectuate the purposes of the FSP and abide by the rules governing the program," but it does not say that other offenses do not also reflect on a firm's ability to successfully participate in SNAP. *Id.* The Final Rule provides examples of business integrity matters but does not limit the matters to those listed: "business integrity matters that fall under this category include 'conviction or civil judgment for offenses *such as*…commission of fraud in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction…" (emphasis added)). The Rule does not compel an alternate reading of the regulation, and FNS's interpretation of 7 C.F.R. § 278.1(b)(3)(i)(A) as applicable to Plaintiff McDaniel's convictions is neither plainly erroneous nor inconsistent with the regulation.

**B.    FNS's sanction was neither arbitrary nor capricious.**

7 C.F.R. § 278.1(k)(3)(i) provides that "[f]irms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in § 278.1(b)(3)(i) shall be denied authorization permanently." Having determined that Plaintiff McDaniel lacked the business integrity required for participation as a SNAP retailer based upon his criminal convictions, FNS's decision to deny SNAP retailer participation permanently was neither arbitrary nor capricious. FNS's sanction should be upheld. *Kahin v. United States,* 101 F.

Supp. 2d 1299 (S.D. Cal. 2000) (noting that review of sanctions imposed by FNS is governed by the arbitrary and capricious standard) (*referring to Wong v. United States*, 859 F.2d 129, 132 (9th Cir. 1988)).

## VII.　CONCLUSION

Plaintiffs' claims should be dismissed with prejudice as a matter of law and summary judgment entered in favor of Defendant.

Dated this 2nd day of July, 2019.

> BILLY J. WILLIAMS
> United States Attorney
> District of Oregon
>
> */s/ Alison Milne*
> ALISON MILNE
> Assistant United States Attorney