**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative Review Branch**

Astoria Downtown Market,
Appellant,

v.                                              Case C0207402

Retailer Operations Division,
Respondent.

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), that there is sufficient evidence to support a finding that the decision by the Retailer Operations Division (Retailer Operations) to permanently deny the application of Astoria Downtown Market (Appellant) to participate in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed.

## ISSUE

The issue accepted for review is whether Retailer Operations took appropriate action, consistent with 7 CFR § 278.1(b)(3) and 7 CFR § 278.1(k)(3), in its administration of the SNAP when it permanently denied the application of Appellant to participate in the SNAP as an authorized retailer.

## AUTHORITY

7 USC § 2023 and its implementing regulations at 7 CFR § 279.1 provide that a food retailer aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 may file a written request for review of the administrative action with FNS.

## CASE CHRONOLOGY

Retailer Operations received an electronic application from Appellant for SNAP authorization dated November 15, 2017. Retailer Operations advised Appellant by letter dated March 5, 2018 of its decision to permanently deny the firm's authorization to participate in the program. The regulatory citations for the denial were 7 CFR § 278.1(b)(3) and § 278.1(k)(3).

By letter dated March 15, 2018, counsel requested administrative review. The request was granted by letter dated March 22, 2018.

Counsel made a FOIA request via email dated April 13, 2018. Counsel agreed to pay the FOIA fees by email dated May 17, 2018. By email dated May 25, 2018 this office noticed counsel that

2

any additional information was due by June 11, 2018. Counsel provided a brief by email dated June 11, 2018.

## STANDARD OF REVIEW

In an appeal of an adverse action, the Appellant bears the burden of proving by a preponderance of the evidence that the administrative action should be reversed. That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling statute in this matter is contained in the Food and Nutrition Act of 2008, as amended, 7 USC § 2018 and § 278 of Title 7 of the Code of Federal Regulations (CFR). 7 USC § 2018, 7 CFR § 278.1(b)(3) and 7 CFR § 278.1(k)(3) establish the authority upon which a retail food store's authorization to participate in the SNAP may be denied on the basis of a lack of business integrity.

7 CFR § 278.1(b)(3) states: "FNS shall deny the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows: (i) Conviction of or civil judgment against the owners, officers or managers of the firm for: (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction; (B) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, receiving stolen property, making false claims or obstruction of justice; or (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses:"

7 CFR § 278.1(k) states: "FNS shall deny the application of any firm if it determines that: (3) The firm has been found to lack the necessary business integrity and reputation to further the purposes of the program. Such firms shall be denied authorization in the program for the following period of time: (i) Firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of the owners, officers, or managers as stipulated in § 278.1(b)(3)(i) shall be denied authorization permanently."

## APPELLANT'S CONTENTIONS

All contentions have been considered whether stated here or not.

- The prior charges, issued on February 8, 2007, are not reasonably related to an issue of business integrity, and that the Department has exceeded its authority under 7 U.S.C. §2018 in qualifying a past drug charge as an issue of business integrity.
- The sanction selected by the Department is not reasonable in light of the regulations or the statutes governing SNAP. Without a correlation between the store's ongoing business

- integrity (and specifically, according to the regulation, the integrity of the ownership or management), there is no basis for the Department to now determine that such a severe, permanent sanction should be implemented.
- Upon a clear reading of the regulation itself, accompanied by the related guidance issued therewith, there is no doubt that the scope of business integrity, with regard to prior convictions and civil liabilities, is limited to *business-related* activities, such as fraud or embezzlement, *not drug offenses*. Drug offenses have about as much to do with the implementation of SNAP as they do to charges of drunk driving. Both are illegal, but neither give rise to a question of business integrity of the applicant – particularly when those charges are far removed from the application and the business itself.
- Pursuant to FNS' interpretation/reading of §278.1(b)(3)(i)(A), the "[c]ommission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction" would have encompass controlled substances convictions, specifically, the "unlawful delivery" of a controlled substance. However, this interpretation is erroneous and exceeds the scope and intention of the subject regulation. Based upon a reading of the regulation itself, and the guidance issued therewith, it is clear that the focus on crimes and/or convictions that concern business integrity matters involve fraud and similar "white collar crimes" rather than drug related offenses.
- Appellants' prior charge involved a general controlled substance conviction. Such a conviction was not intended to be included within the scope of §278.1(b)(3)(i)(A), which is limited to business-related activities, such as embezzlement and/or fraud. As such, here, just as in *Warren*, a general controlled substance conviction does not fall within the scope of the regulation cited to by the agency and, as such, Appellants' permanent denial from SNAP as an authorized retailer was arbitrary and capricious and therefore should be amended.
- Wrote [sic] withdrawal for a materially unrelated offense may remove compliant store owners in favor of blind regulatory obedience, resulting in the frustration of the regulation's intent.
- Change in the laws pertaining to marijuana, while not excusing an initial violation, should not be considered an ongoing risk where a number of states have legalized its medical use and recreational use, including Oregon. Accordingly, from a public policy standpoint, a permanent denial of the Appellants is going to cause a myriad of unintended consequences that the Department cannot possibly be interested in. Furthermore, it is an unwarranted stretch of the business integrity language in the statute and regulation.
- The Appellants should not be permanently denied participation in the SNAP program as an authorized retailer, as they do not meet any of the other criterion necessary to issuance a denial.

## ANALYSIS AND FINDINGS

The purpose of this review is to validate or to invalidate the determination of Retailer Operations, and as such it is limited to consideration of the relevant facts and circumstances at the time of the decision. The authorization of a store to participate in the SNAP must be in accord with the Act and the Regulations, as amended; those requirements of law cannot be waived.

Astoria v. United States        Defendant's Cross-Motion        Attachment A, Page 3 of 4
3:18-cv-01367-AC

The SNAP regulations at 7 CFR § 278.1(b) and (k) provide for the denial of an applicant firm to participate as a SNAP retailer based on a number of reasons and for various timeframes. The statute and regulations specifically address the factors which constitute a lack of business integrity. The regulations at 7 CFR § 278.1(b)(3) address the business integrity and reputation of the applicant.

The owner provided court documents as part of the application process. These documents provide sufficient information to conclude that the charges of Unlawful Delivery of Marijuana and Unlawful Delivery of Psilocin fall under 7 CFR § 278.1(b)(3)(i)(A). According to the record on review, the owner unlawfully delivered for consideration a substance containing psilocin. The conviction was after June 1, 1999.

FNS reasonably interprets 7 CFR § 278.1(b)(3)(i)(A) to cover criminal offenses in connection with performing a private transaction, such as a drug deal. The conviction therefore has a transactional element and reflects on the owner's business integrity under the regulations. The offense under review is distinguishable from the possession charge at issue in the Warren decision cited by counsel. Retailer Operations determined that per 7 CFR § 278.1(k)(3) the firm lacked the necessary business integrity and reputation to further the purposes of the program. Firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in 7 CFR § 278.1(b)(3)(i) shall be denied authorization permanently.

## CONCLUSION

After review of all the pertinent documentation, and based on the discussion herein, the decision by Retailer Operations to permanently deny the application of Appellant to participate as a SNAP retailer is sustained.

## RIGHTS AND REMEDIES

Your attention is called to Section 14 of the Food and Nutrition Act of 2008 (7 USC § 2023) and to Section 279.7 of the regulations (7 CFR § 279.7) with respect to applicable rights to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which the Appellant's owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

M. Viens                                                                                  June 20, 2018
ADMINISTRATIVE REVIEW OFFICER