**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**ALISON MILNE, OSB # 155212**
Assistant United States Attorney
alison.milne@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1033
Facsimile: (503) 727-1117
        Attorneys for Defendant United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ASTORIA DOWNTOWN MARKET, et al.,**<br><br>Plaintiffs**,**<br><br>v.<br><br>**UNTIED STATES OF AMERICA,**<br><br>Defendant**.** | Case No. 3:18-cv-01367-AC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

### I.    INTRODUCTION

As Defendant established, the issues before the Court are whether the Food and Nutrition Service ("FNS") properly denied Plaintiffs' application for participation as a retailer in the Supplemental Nutrition Assistance Program ("SNAP") and in turn whether the sanction of permanent denial as a SNAP retailer was appropriate.

Plaintiff McDaniel's criminal convictions for illegal drug transactions clearly warranted his firm's denial of authorization as a SNAP retailer.  7 C.F.R. § 278.1(b)(3)(i)(A).   Likewise, because Plaintiff McDaniel has a record of criminal convictions that reflect on his business integrity, the sanction

imposed by FNS denying Plaintiff Astoria Downtown Market was in line with what the regulations require and was neither arbitrary nor capricious. *Id.* § 278.1(k)(3)(i).

## II.    ARGUMENT

### A. The agency's interpretation of its own regulations was reasonable and entitled to substantial deference.

FNS's decision is consistent with the plain language and intent of 7 C.F.R. § 278.1(b)(3) and *Id.* § 278.1(k)(3) and therefore entitled to deference. *INS v. Nat'l Ctr. for Immigrants' Rights,* 502 U.S. 183, 189-90 (1991) ("[A]n agency's reasonable, consistently held interpretation of its own regulation is entitled to deference."). The Final Rule adopting the regulation does not indicate that the agency intended to exclude offenses for criminal convictions for transactions involving drugs as grounds for denial of SNAP participation. 64 Fed. Reg. 23,165 (Apr. 30, 1999). The Rule acknowledges that "[f]raudulent activity in the FSP [Food Stamp Program] or other government programs, or in business-related activities in general, reflects on the ability of a firm to effectuate the purposes of the FSP and abide by the rules governing the program," but it does not say that other offenses do not also reflect on a firm's ability to successfully participate in SNAP. *Id.* It points out that participating of retailers "is a privilege, not a right." *Id.* The Final Rule provides examples of business integrity matters but does not limit the matters to those listed: "business integrity matters that fall under this category include conviction or civil judgment for offenses *such as*…commission of fraud in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction;" (emphasis added)). The Rule does not compel an alternate reading of the regulation, and FNS's interpretation of 7 C.F.R. § 278.1(b)(3)(i)(A) as applicable to Plaintiff McDaniel's convictions is neither plainly erroneous nor inconsistent with the regulation.

FNS rationally determined that Plaintiff McDaniel's convictions for Unlawful Delivery of Marijuana and Unlawful Delivery of Psilocin qualified as commission of a criminal offense in

connection with the performance of a private agreement or transaction and permanently denied Astoria Downtown Market from participation as a SNAP retailer. A.R. 175-177; 7 C.F.R. § 278.1(b)(3)(i)(A). Plaintiff McDaniel's convictions for delivery of two Schedule I controlled substances, marijuana and psychedelic mushrooms, all occurred in Oregon where the meaning of "delivery" is clearly defined by statute. A.R. 72-88. Oregon's statutory definition of delivery requires the involvement of two parties. Or. Rev. Stat. § 475.005(8). Or. Rev. Stat. § 475.005(8) defines "delivery" as "the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship." The terms delivery and transaction are interchangeable in Oregon. Thus Plaintiff McDaniel's convictions for transferring Schedule I controlled substances from one to another were criminal offenses associated with private transactions and warranted disapproval of his application under the regulation. 7 C.F.R. § 278.1(k)(3)(i). Schedule I controlled substances are drugs or other substances that have high potential for abuse, serve no legitimate medical purpose in the United States according to the federal government and lack "accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. § 812(b)(1) (2018). FNS's decision in this case was appropriate and valid and should be upheld.

In their Response to Defendant's Cross-Motion, Plaintiffs argue that if the performance of an illegal agreement is carried out as expected, a firm owner's participation in such an agreement or contract would not reflect upon his or her level of honesty, business integrity or reputation. ECF 40 at p. 7. This argument runs contrary to the plain language of the regulation, 7 C.F.R. § 278.1(b)(3)(i)(A). Whether an agreement itself is illegal or whether illegal actions are taken to perform an otherwise legal agreement, if a firm's owners, officers or managers are involved FNS is required to deny the firm authorization as a SNAP retailer. 7 C.F.R. § 278.1(b)(3)(i)(A). The regulations require denial of authorization of any firm "…based on consideration of information

Page 3     Reply in Support of Defendant's Cross-Motion for Summary Judgment

regarding the business integrity and reputation of the firm as follows: …(i) Conviction of or civil judgment against the owners, officers or managers of the firm for: (A) Comission of…a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction;" *Id.*

In their Response to Defendant's Cross-Motion, Plaintiffs again rely upon *Warren v. United States* when attempting to argue that Plaintiff McDaniel's criminal convictions for delivery of marijuana and psychedelic mushrooms are not a reflection upon his business integrity, do not involve dishonesty and are not equivalent to transactions. ECF 40, at pp. 7-8. *Warren* is an unpublished, non-binding case from a district court within the Sixth Circuit. *Warren v. United States*, No. 14-154-GFVT, 2015 WL 5321765 (E.D. Ky. Sept. 11, 2015). Further, *Warren* is distinguishable because it examined a charge of Possession of Marijuana and focused solely on 7 C.F.R. § 278.1(b)(3)(i)(C). *Id.* at 11. In contrast, the instant case centers on a separate and distinct portion of the regulation, 7 C.F.R. § 278.1(b)(3)(i)(A), dealing with criminal offenses related to public or private agreements and transactions. FNS here based its decision solely on the charges involving delivery choosing to overlook Plaintiff McDaniel's possession charges; furthermore, there is no inconsistency with *Warren's* holding. *Warren* also does not assist Plaintiffs because it did not rule out the possibility that an owner's criminal drug conviction could preclude a retail store from participating in SNAP. *Warren* at *29-30. *Warren* stressed that while it found that 7 C.F.R. § 278.1(b)(3)(i)(C) did not preclude authorization based upon such a conviction, other provisions such as the catchall provision in 7 C.F.R. § 278.1(b)(3)(vi) may. *Id.* Plaintiff McDaniel was convicted of Unlawful Possession of Psilocin; Unlawful Delivery of Psilocin; Unlawful Delivery of Marijuana; Possession of Marijuana; Driving Under the Influence of Intoxicants; Possession of Inhalants and Criminal Mischief. A.R. 72-88.

//

Page 4    Reply in Support of Defendant's Cross-Motion for Summary Judgment

**B. FNS's sanction was appropriate because it tracked the plain language of the regulations.**

Based upon its determination that Plaintiff McDaniel lacked the requisite business integrity required for participation as a SNAP retailer, FNS adhered to the plain wording of the regulation providing that "[f]irms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers, or managers as stipulated in 7 C.F.R. § 278.1(b)(3)(i) shall be denied authorization permanently." *Id.* § 278.1(k)(3)(i). Therefore FNS's sanction should be upheld. *Kahin v. United States*, 101 F. Supp. 2d 1299 (S.D. Cal. 2000) (noting that review of sanctions imposed by FNS is governed by the arbitrary and capricious standard) (referring to *Wong v. United States*, 859 F.2d 129, 132 (9th Cir. 1988)).

## CONCLUSION

For these reasons, this Court should grant Defendant's Cross-Motion.

Dated this 29th day of July, 2019.

                BILLY J. WILLIAMS
                United States Attorney
                District of Oregon


                */s/ Alison Milne*
                ALISON MILNE
                Assistant United States Attorney