Appendix "B"

# USAO ATTORNEY'S FEES MATRIX — 2015-2020

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 | 2018-19 | 2019-20 |
|---|---|---|---|---|---|
| 31+ years | 568 | 581 | 602 | 613 | 637 |
| 21-30 years | 530 | 543 | 563 | 572 | 595 |
| 16-20 years | 504 | 516 | 536 | 544 | 566 |
| 11-15 years | 455 | 465 | 483 | 491 | 510 |
| 8-10 years | 386 | 395 | 410 | 417 | 433 |
| 6-7 years | 332 | 339 | 352 | 358 | 372 |
| 4-5 years | 325 | 332 | 346 | 351 | 365 |
| 2-3 years | 315 | 322 | 334 | 340 | 353 |
| Less than 2 years | 284 | 291 | 302 | 307 | 319 |
| Paralegals & Law Clerks | 154 | 157 | 164 | 166 | 173 |

*Explanatory Notes*

1.  This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases. The matrix does **not** apply to cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2.  A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index. The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics. The PPI-OL index is available at http://www.bls.gov/ppi. On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers." The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3.  The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

|   |   |
|---|---|
|   | Legal Services index measures. Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient. |
| 4. | The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc*. 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area. The USAO rates for years prior to and including 2014-15 remains the same as previously published on the USAO's public website. |
| 5. | The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law. Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school. Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school). *See Laffey*, 572 F. Supp. at 371. An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression. *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same). The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data. Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level. The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level. |
| 6. | ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks. Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index. The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more). |
| 7. | The attorney's fees matrices issued by the United States Attorney's Office are intended to facilitate the settlement of attorney's fees claims in actions in which the United States may be liable to pay attorney's fees to the prevailing party and the United States Attorney's Office is handling the matter. The United States Attorney's Office is presently working with other parties to develop a revised rate schedule, based upon current, realized rates paid to attorneys handling complex federal litigation in the District of Columbia federal courts. This effort is motivated in part by the D.C. Circuit's urging that "both the plaintiff and defense sides of the bar" should "work together and think creatively about how to produce a reliable assessment of fees charged for complex federal litigation in the District." *D.L. v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019). This new matrix should address the issues identified by the majority in *D.L.*, but it is expected that it will be some time before a new matrix can be prepared. In the interim, for matters in which a prevailing party agrees to payment pursuant to the matrices issued by the United States Attorney's Office, the United States Attorney's Office will not demand that a prevailing party offer the additional evidence that the law otherwise requires. *See Eley*, 793 F.3d at 104 (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995)) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for *similar services*'"). |