ANDREW Z. TAPP, Florida Bar #68002
*Pro Hac Vice*
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, FL 33511-8820
Phone: 813.228.0658
Email: Andrew@Metropolitan.legal

ROBERT E. REPP, OSB #742687
P.O. Box 148
Marylhurst, OR 97036
Phone: 503-701-9659
Email: Repp.medlaw@gmail.com
        Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **ASTORIA DOWNTOWN MARKET, et al.,** | Case No.: 3:18-cv-01367-AC |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS, AND TO TAX COSTS** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT

Plaintiffs, Astoria Downtown Market, and Samuel McDaniel, by and through their undersigned counsel, file this Memorandum in Support of their Motion for Award of Attorney's Fees and Costs, and to Tax Costs, and state as follows:

### INTRODUCTION

It took five days for the Defendant to permanently deny the Plaintiffs' SNAP application.

On March 1st, 2018, the Plaintiffs filed an application with the Defendant for their retail food store to participate in the Supplemental Nutrition Assistance Program (SNAP). On March 5th, 2018, the Defendant issued a denial letter. In the intervening two years, the Plaintiffs have fought across an unsuccessful administrative review, and all the way through a judicial review over a single issue: the Plaintiffs' decade-plus old controlled substance convictions.

For the Defendant, this was a second bite at the apple; an attempt to overwrite an unfavorable decision in an Eastern Kentucky case over the issue of retailers with unrelated controlled substance convictions (*Warren vs. United States*, 2015 WL 5321765 (E.D. KY 2015)). Through two poorly reasoned administrative decisions in this case, the Defendant performed mental and verbal gymnastics trying to link controlled substances to business integrity.

It began with that March 5th, 2018 permanent denial letter: "The delivery of two Schedule A controlled substances, marijuana and psychedelic mushrooms was deemed… a business integrity risk." Administrative Record (A.R.) 145. Then it continued with the Administrative Review's Final Agency Decision some three months later:

> "FNS reasonably interprets 7 CFR 278.1(b)(3)(i)(A) to cover criminal offenses in connection with performing a private transaction, such as a drug deal. The conviction therefore has a transactional element and reflects on the owner's business integrity under the regulations. The offense under review is distinguishable from the possession charge at issue in the Warren decision cited by counsel… Firms for which records of criminal conviction or civil judgment exist that reflect on the business integrity of owners, officers or managers as stipulated in 7 CFR §278.1(b)(3)(i) shall be denied authorization permanently." A.R. 177.

In the more than a year-and-a-half since the Final Agency Decision, the Plaintiffs have continued to make the same argument: unrelated and old controlled-substances convictions, which had no meaningful correlation to the operation of the business, do not qualify for denial under 7 C.F.R. §278.1(b)(3)(i). It took this Court's Order and Judgment to bring the matter to a close two

years after its inception.

In all that time, the Plaintiffs have spent considerable resources on attorneys' fees and costs at the Administrative and Judicial levels to correct these issues.  These fees and costs can be awarded by the Court to the Plaintiffs, and in this case, justice so requires such an award to be made.

## EQUAL ACCESS TO JUSTICE ACT: PLAINTIFFS ARE ENTITLED TO FEES

The Equal Access to Justice Act (EAJA) permits a prevailing party in a lawsuit against the United States to recover attorneys' fees.  28 U.S.C. §2412(d)(1)(A).  In pertinent part, EAJA states the following:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses… incurred by that party in any civil action… including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*

Accordingly, for the EAJA to be applicable, three conditions must be met: (1) the movant must be a prevailing party; (2) the government's opposition must be without substantial justification; and (3) no special circumstances warranting denial of fees may exist.

## PLAINTIFFS ARE THE PREVAILING PARTY

There can be little reasonable argument that the Plaintiffs are anything but the prevailing party.  Courts have frequently held that parties should be deemed "prevailing" "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing

suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The stated purpose of the single count complaint was to reverse the Agency's application denial. Such reversal has now been ordered, and the case remanded for further proceedings. Conversely, the Defendant's sole position was that their permanent denial of the application upon business integrity grounds was appropriate. They were unsuccessful in their arguments, and the Agency decision which they sought to affirm was reversed.

The Plaintiffs are the prevailing party under 28 U.S.C. §2412. See *Perket vs. Secretary of Health and Human Services*, 905 F.2d 129, 131 (6th Cir. 1990) holding that the plaintiff was a prevailing party because the benefits sought in the litigation were granted by the agency on remand.

## THE DEFENDANT'S POSITION WAS NOT SUBSTANTIALLY JUSTIFIED

For the Defendant's position to be substantially justified under the EAJA, its position must be "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce vs. Underwood,* 108 S.Ct 2541, 2550 (1988). The term "substantially justified" in the context of the statute means the Government's position "was justified, both in fact and law, to a degree that could satisfy a reasonable person." *Janovich vs. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). The burden of proving substantial justification rests with the Federal Government. *Scarborough vs. Principi*, 541 U.S. 401, 414 (2004).

The Court concluded that the Defendant's interpretation of 7 C.F.R. §278.1(b)(3)(i)(A) was arbitrary and capricious. Doc. 47 at 15. "In this instance, the Agency's interpretation of 7 C.F.R. §278.1(b)(3)(i)(A), an unambiguous regulation, is not entitled to *Auer* deference, nor is the Agency's reading of its regulation reasonable." The Magistrate Judge continued, "the Agency's permanent denial under the cross-referenced Section 278(k)(3)(i) was not in accordance with the law and fails the arbitrary and capricious standard." *Id* at 16.

Accordingly, the Court should find that there was no "substantial justification" for an arbitrary and capricious interpretation of an unambiguous regulation under 28 U.S.C. §2412.

## NO SPECIAL CIRCUMSTANCES EXIST

There was nothing special about this particular case which would warrant a description of the case as having "special circumstances."  The five-day period between Mr. McDaniel's application and the Department's decision shows that the Department viewed there to be no circumstances warranting deeper investigation or inquiry.  It was, for the Defendant, and concise (albeit inaccurate) analysis and a quick disposition of the matter.

Furthermore, the Court did not find that there were ambiguous characteristics about the regulation, or any conflict of laws which would have made it difficult for the Agency to interpret its obligations thereunder.  In short, this was a straightforward decision by the Defendant that was arbitrary and capricious.

## ATTORNEY'S FEES AND COSTS DURING ADMINISTRATIVE PROCEEDINGS:

This Court can award attorney's fees related to services performed during administrative proceedings prior to the filing of a judicial review, and following remand.  The Supreme Court has affirmed awards of attorneys' fees and costs under the EAJA which related to services performed during judicial and administrative proceedings (including on remand).  *Sullivan vs. Hudson*, 490 U.S. 877, 889-890 (1989) ("an award of fees for work performed in the administrative proceedings is therefore proper").

## AN ENHANCED ATTORNEY'S FEES AWARD IS APPROPRIATE

In cases seeking an award of attorney's fees, the "lodestar" is the most appropriate method of performing such calculations.  "Lodestar" is a calculation in which the reasonable hourly rate is multiplied by the number of hours reasonably expended.  *Geier vs. Sundquist*, 372 F.3d 784, 791

(6th Cir. 2004).  "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel, yet which avoids producing a windfall for lawyers." *Adcock-Ladd vs. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  Although the statutory adjusted hourly rates under EAJA would normally apply, an EAJA fee applicant may be awarded higher market rates if a court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings is involved, justifies a higher fee.  See *Pierce vs. Underwood*, 487 U.S. 552, 571-574.  To qualify for higher market rates, a movant must show that (1) the prevailing attorneys possessed specialized expertise; (2) the expertise was needed in the litigation; and (3) the skills needed could not have been obtained at the normal EAJA rates.  *Id*.

An award of attorney's fees at enhanced rates is appropriate.  The undersigned counsel has been referred to by the Defendant in other proceedings as an "expert" in the area of SNAP law and has been retained a number of times as outside expert counsel to advise in criminal and civil matters related to SNAP.  Furthermore, the undersigned counsel was the first, and in many cases remains the first, to take depositions and conduct in depth discovery of the Defendant's SNAP policy department personnel, system administrators, section chiefs and program specialists, resulting in an intimate knowledge of the Department's policies, processes and regulations.  To the undersigned's knowledge, there is only one other counsel in the country that handles these matters regularly at both the administrative and judicial levels, though he handles a significantly smaller volume of cases at a higher hourly rate.

The Plaintiffs did attempt to find local counsel to handle this matter at both the administrative and judicial levels, to no avail.  Accordingly, an award at market rates is appropriate.

PLAINTIFFS' MEMORANDUM IN SUPPORT
Page **6** of **8**

With respect to the appropriate hourly rate, the undersigned counsel has executed an affidavit attached hereto as **Exhibit A**, which in pertinent part sets out his basis for the $425.00 per hour rate. This rate was arrived at using the Laffey Matrix, which is a matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks that was prepared by the Civil Division of the U.S. Attorney's Office for the District of Columbia (one of the several districts that the undersigned counsel is licensed and practices in). This matrix for the 2018-2019 year was as follows: Paralegals/Law clerks were reasonably billed at $166 per hour; attorneys who were 8-10 years out of law school (the undersigned graduated in 2019) was $417.00 per hour. The matrix for the 2019-2020 year was somewhat higher, with paralegals at $173.00 per hour, and attorneys with 8-10 years of experience at $433.00 per hour.

The undersigned counsel has determined that $425.00 an hour accurately reflects the undersigned's skill, expertise and experience in this area, while still finding a middle ground between the fees set out in the Laffey Matrix for the years involved in this matter. As such, the reasonable value of the efforts devoted on behalf of the Plaintiffs related to this case, in addition to such costs as identified in the undersigned's affidavit, is $23,917.22.

### CONCLUSION

For the reasons set forth above, and based upon the affidavits attached hereto, the Plaintiffs' request for an award of attorney's fees in the amount of $22,435.00 and costs in the amount of $1,482.22 should be granted by the Court.

Respectfully submitted this 27th day of March, 2020.

   _/s/ Andrew Z. Tapp_____
   ANDREW Z. TAPP, Florida Bar #68002
   *Pro Hac Vice*
   Metropolitan Law Group, PLLC

1971 W. Lumsden Road, #326
Brandon, FL 33511-8820
Phone: 813.228.0658
Email: Andrew@Metropolitan.legal
And
ROBERT E. REPP, OSB #742687
P.O. Box 148
Marylhurst, OR 97036
Phone: 503-701-9659
Email: Repp.medlaw@gmail.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2020, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, and a true and correct copy of foregoing pleading

was sent via Email to counsel for Defendant:

Alison Milne, Esq.
Alison.Milne@usdoj.gov


*Andrew Z. Tapp*
Andrew Z. Tapp, Esq.