Exhibit "A"

Case 3:18-cv-01367-AC    Document 51-6    Filed 03/27/20    Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **ASTORIA DOWNTOWN MARKET, et al.,** | Case No.: 3:18-cv-01367-AC |
| Plaintiffs, | **DECLARATION OF ANDREW Z. TAPP, Esq.** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## DECLARATION

I, Andrew Z. Tapp, hereby swear and affirm the following to be true and accurate:

1. I am a resident of Tampa, Hillsborough County, Florida and a member of the Bars of the Federal District of Columbia, the State of Florida, all three Federal Districts of Florida, the District of Colorado, the 2nd Circuit Court of Appeals and the United States Supreme Court. I have appeared *pro hac vice* in a considerable number of other forums, including federal district and circuit courts.

2. I have been a practicing attorney for more than ten (10) years.

3. My practice is almost entirely comprised of USDA SNAP related cases. At present, I have more than 350 pending administrative level matters with the USDA (ranging from applications to charge letters to administrative reviews – the vast majority are Charge Letters) and have represented and advised nearly 1,000 stores in SNAP related cases since 2013. I have been trial counsel on more than seventy-five (75) Judicial Reviews in more states and districts than I can readily recall; handled two appeals before circuit courts (2nd and 4th); and submitted one writ of certiorari to the Supreme Court in the past three years.

DECLARATION OF ANDREW TAPP
Page **1** of **29**

Furthermore, I have acted on behalf of retailer organizations and stores in FNS rule commenting, and developed training programs for retailers to utilize in their stores to prevent violations.

4. To my knowledge, there are only two attorneys in the United States who handle SNAP retailer judicial review cases regularly across the country (including myself), and less than six attorneys in the country who regularly handle administrative proceedings on SNAP retailer matters.

5. I have been referred to in hearings by the USDA as an expert in the area of SNAP retailer law as recently as January of 2020.

6. I was retained by the Plaintiffs in this action on March 14th, 2018 to handle the Administrative Review; and on September 5th, 2018 to handle this Judicial Review.

7. I was lead counsel at all times during the administrative review, and after my appearance in this matter. A detailed description of all of my legal services and effort is attached hereto, including the date, a brief description of the services performed, the number of hours spent. My office bills in ten minute increments.

8. Mr. Robert Repp, Esq., was our local counsel on this matter, though his responsibilities and obligations were limited.

9. Ms. LaJeana Deane is a paralegal of exceptional ability with Metropolitan Law Group, PLLC. She has extensive experience in working on cases involving the U.S. Attorney's offices and has served as my primary paralegal on Judicial Reviews since 2016. Prior to that, Ms. Deane worked as a paralegal for some of the most respected and talented attorneys in the Tampa area, handling matters such as complex litigation, civil litigation and family law. I assigned her hourly rate at $125.00 per hour for purposes of this matter, though it is

my professional opinion that her work is worth far more than that. She has been a paralegal for 31 years.

10. The legal services that I, my local counsel, and Ms. Deane describe herein include all aspects of administrative and judicial review proceedings, including correspondence with opposing counsel, document drafting, legal research, hearing preparation and attendance, and all of the nuances involved in preparing this case for presentation to the Court.

11. This action involved the complex interpretation of the USDA's retailer authorization regulations and rulemaking history, as well as an analysis of Congress' enactment of 7 U.S.C. §2018 (which involves the grant and scope of authority Congress delegated to the USDA on the matter). Furthermore, this matter involved an intricate understanding of how the Department handles applications, applies policy, and reviews cases, and a nationwide understanding of policy decisions.

12. In light of the complexity of this matter, the need for specialist counsel, and the lack of such counsel in the Plaintiffs' geographic area, it is my belief that a utilization of the hourly rates set forth in the Laffey Matrix are appropriate. A copy of the 2015-2020 Laffey Matrix, as prepared by the U.S. Attorney's Office is attached hereto as **Appendix B**. There are terribly few attorneys in the U.S. that understand these regulations and statutes, and without a detailed understanding, appropriate interpretation of the rules and statutes is rare because of the obscure nuances of the regulations and the Agency's operation of the program.

13. As set forth in the attached fee appendix, I devoted 34.2 hours of time and effort on the Judicial Appeal, and 6.0 hours on the administrative review. Using the Laffey Matrix, and

      utilizing the hourly rate of $425.00[1] multiplied by 40.2 hours, my attorney's fees come to $17,085.00.

14. My paralegal, Ms. Deane, spent 5.2 hours on the administrative review, and another 37.6 on the Judicial Review, for a total of 42.8 hours. At her well-below-average rate of $125.00 per hour, this results in legal fees in the amount of $5,350.00.

15. Further, I incurred $1,082.22 in costs from travel, lodging and meals for our hearing on the Motion for Summary Judgment.

16. My client, Mr. McDaniel also paid the $400.00 filing fee when he filed this matter.

17. Accordingly, the total amount of attorneys' fees and costs in this matter came to $23,917.22.

18. These sums exclude the attorneys' fees incurred related to the preparation and filing of the Motion for Attorney's Fees and Costs.

**I swear and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.**

3, 27, 2020

**DATED**

**ANDREW Z. TAPP**

---

[1] This rate was selected in consideration of the fact that the 2018-2019 rate for an average attorney with ten years of experience was $417 per hour; and the 2019-2020 rate was $433 per hour. Given my specialized knowledge of the subject matter, and the $15.00 difference between the two hourly rates that occurred over the course of the case, I have selected $425.00 as the "happy medium."

DECLARATION OF ANDREW TAPP

Page 4 of 29